1  McGREGOR W. SCOTT
   United States Attorney
2  MICHELE BECKWITH
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile: (916) 554-2900
5
   Attorneys for Plaintiff
6  United States of America

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,              CASE NO. 2:19-CR-00165-MCE

12                    Plaintiff,          AMENDEDED STIPULATION REGARDING
                                          EXCLUDABLE TIME PERIODS UNDER SPEEDY
13              v.                        TRIAL ACT; ORDER

14 DEZMAIGHNE MCCLAIN,                    DATE: January 7, 2021
                                          TIME: 10:00 a.m.
15                    Defendant.          COURT: Hon. Morrison C. England, Jr.

16

17        This case was set for status conference on January 7, 2021. The parties hereby stipulate to

18 continue the status conference to February 11, 2021, and to exclude time between those dates for the

19 reasons set forth below.

20        On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the

21 Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's

22 declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's

23 Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district

24 judges to continue all criminal matters to a date after May 2, 2021.[1] This and previous General Orders,

25 as well as the declarations of judicial emergency, were entered to address public health concerns related

26 to COVID-19.

27 _____

28        [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
   request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
   will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

1    Although the General Orders and declarations of emergency address the district-wide health

2  concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

3  "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

4  findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

5  record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

6  failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

7  (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

8  findings on the record "either orally or in writing").

9    Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

10  and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

11  emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

12  judge granted such continuance on the basis of his findings that the ends of justice served by taking such

13  action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

14  § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of

15  the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

16  such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

17    The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

18  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

19  continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

20  discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

21  week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

22  764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

23  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

24  exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

25  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

26  by the statutory rules.

27    In light of the societal context created by the foregoing, this Court should consider the following

28  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on January 7, 2021.

2.      By this stipulation, defendant now moves to continue the status conference until February 11, 2021, and to exclude time between January 7, 2021, and February 11, 2021, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3.      The parties agree and stipulate, and request that the Court find the following:

a)      On January 27, 2020, the Court allowed the previously assigned Assistant Federal Defender to be replaced with another attorney of record.

b)      Since then, the Court allowed present defense counsel, Mark Reichel, to replace the prior defense attorney.  This occurred in July 2020.

c)      The government has represented that the discovery associated with this case includes investigative reports, audio and video recordings, and reports of interview, among other documents.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

d)      Counsel for defendant desires additional time to consult with his client, to review the current charges, to conduct investigation and research related to the charges, to review and copy discovery for this matter, to discuss potential resolutions with her client, and to otherwise prepare for trial, if necessary.

e)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1    f)    The government does not object to the continuance.

2    g)    Based on the above-stated findings, the ends of justice served by continuing the

3 case as requested outweigh the interest of the public and the defendant in a trial within the

4 original date prescribed by the Speedy Trial Act.

5    h)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

6 et seq., within which trial must commence, the time period of January 7, 2021 to February 11,

7 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

8 T4] because it results from a continuance granted by the Court at defendant's request on the basis

9 of the Court's finding that the ends of justice served by taking such action outweigh the best

10 interest of the public and the defendant in a speedy trial.

11    4.    Failure to exclude time under these circumstances would result in a miscarriage of justice

12 under 18 U.S.C. 3161(h)(7)(B)(i).

13 ///

14 ///

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  January 5, 2021

McGREGOR W. SCOTT
United States Attorney

/s/ MICHELE BECKWITH
MICHELE BECKWITH
Assistant United States Attorney

Dated:  January 5, 2021

/s/ Mark Reichel
Mark Reichel
Counsel for Defendant
Dezmaighne McClain

**ORDER**

IT IS SO ORDERED.

Dated:  January 6, 2021

MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE