FILED

MAR 3 1 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>    v.<br><br>DEZMAIGHNE McCLAIN,<br><br>             Defendant. | CASE NO. 2:19-CR-165 WBS<br><br>[PROPOSED] ORDER RE: GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER PURSUANT TO SECTION 4 OF THE CLASSIFIED INFORMATION PROCEDURES ACT AND RULE 16(D) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |

      The United States of America moved *ex parte*, in camera, and under seal pursuant to Section 4 of the Classified Information Procedures Act (CIPA), 18 U.S.C § app. 3 § 4 and Fed. R. Crim. P. 16(d)(1) for authorization to delete certain documents from discovery. The government seeks to delete these materials from discovery because they do not contain exculpatory, impeaching, or other material that could be considered both relevant and helpful to the defense, and because their unauthorized disclosure at this time has the potential to cause serious damage to the national security of the United States. As discussed below, the Court grants the government's motion to delete.

      In order to determine whether the government must disclose classified information, the Ninth Circuit has adopted the balancing test set forth in *United States v. Roviaro*, 353 U.S. 53, 62 (1957) concerning the government's privilege to protect the identity of confidential sources. *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998).

      In *Roviaro*, the United States Supreme Court considered the application of the confidential source privilege to the general discovery rules, pursuant to which the government may withhold from

1

disclosure the identity of its sources. *Roviaro*, 353 U.S. at 59-61. The Court noted that the privilege implicates two fundamental competing interests: (1) the interest of the defendant in mounting a defense; and (2) the public interest in enabling the government to protect its sources. *Id.* at 62. The Court ruled that the defendant's interest in obtaining the information was triggered only when information in the government's possession was "relevant and helpful" to the defense. *Id.* at 60.

The Court has carefully reviewed the submissions of the government describing the information the government seeks to delete from discovery and finds that none of the classified materials described in its motion is both relevant and helpful to the defense. Thus, all of the materials described in the government's submission may be deleted from discovery to protect disclosure of classified information.

The Court hereby authorizes the government to delete from discovery the items described in the government's motion. The Court further orders that the government's motion and accompanying materials shall be kept under seal pursuant to CIPA and in the custody of the Classified Information Security Officer as the designee of the Clerk for purposes of any further court proceedings or appeal.

SO FOUND AND ORDERED.

Dated: March 31, 2022

THE HONORABLE WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

2