UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DEZMAIGHNE MCCLAIN,<br><br>　　　　Defendant. | No. 2:19-cr-165 WBS<br><br><br>ORDER |

----oo0oo----

Defendant Dezmaighne McClain has filed a pro se[1] Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c). (Docket No. 158.)[2] Defendant claims that he is eligible for a sentence reduction under the retroactive application of Amendment

---

[1] The Federal Defender's office has filed a notice stating that it would not assume representation of the defendant with respect to this motion. (Docket No. 160.) Defendant filed no reply to the government's opposition.

[2] Defendant has two other motions to reduce sentence that are currently pending. (Docket Nos. 161, 167.) The court will address those motions in separate orders.

1

821, based on its "status points" provision.  Under Amendment 821's status point provision, a defendant now receives a single criminal history point, instead of two, if he committed the instant offense while under a criminal justice sentence and already has 7 or more criminal history points.[3]  However, a sentence reduction is not allowed under 18 U.S.C. § 3582(c)(2) if the amendment "does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10(a)(2).

As the probation officer found in the presentence report, defendant was assigned 7 criminal history points based on prior criminal convictions, and he received 2 additional points because he committed the instant offense while under a criminal justice sentence, resulting in a total criminal history score of 9 and a criminal history category of IV.  (PSR §§ 42-45 (Docket No. 131).)  After application of Amendment 821, defendant would receive only 1 additional point for committing the instant offense while under a criminal justice sentence, resulting in a new total criminal history score of 8.  U.S.S.G. § 4A1.1(e).  However, this new total criminal history score of 8 results in the same criminal history category of IV found by the PSR.  U.S.S.G. Ch. 5 Part A. (a total criminal history score of 7, 8, or 9 points results in a criminal history category of IV).  Because defendant's criminal history category has not changed, applying Amendment 821's status point provision does not change

---

[3] Because defendant received criminal history points for his prior convictions, he does not qualify for a reduction of sentence under Amendment 821's zero-point offender provision. See U.S.S.G. § 4C1.1(a).

2

his guideline range, and he is not eligible for a sentence reduction.

Defendant also contends, without any support, that his guidelines range should have been 77 to 96 months, and the court "lacked subject matter to raise the Guidelines Range to 135-168 months." However, the court already rejected defendant's objections to the PSR's calculations of the Guidelines range at sentencing, and defendant's sentence was affirmed on appeal. (Docket Nos. 148-1, 157.) Even assuming defendant could raise an argument regarding the initial calculation of the Guidelines range in a motion under § 3582(c), the court sees no error in its prior calculation and rejects defendant's request for a lower sentence based on this alleged error.

IT IS THEREFORE ORDERED that defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) filed June 7, 2024 (Docket No. 158) be, and the same hereby is, DENIED.

Dated:  October 7, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3