UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:19-cr-165 WBS |
| Plaintiff, | |
| v. | ORDER |
| DEZMAIGHNE MCCLAIN, | |
| Defendant. | |

----oo0oo----

Defendant Dezmaighne McClain has filed a pro se[1] Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A). (Docket No. 161.)[2] In this motion, defendant claims that he is

---

[1] The Federal Defender's office has filed a notice stating that it would not assume representation of the defendant with respect to this motion. (Docket No. 166.) Defendant filed no reply to the government's opposition.

[2] Defendant filed three separate motions to reduce his sentence within the last few months. The court denied the first (Docket No. 158) on October 8, 2024. (Docket No. 169.) This order addresses the second motion (Docket No. 161). The court will address the third motion (Docket No. 167) in a separate order.

1

1  entitled to compassionate release because the felon in possession
2  statute, 18 § 922(g)(1), is purportedly unconstitutional.
3  Defendant also contends that his sentence of 120 months due to a
4  violation of an ostensibly unconstitutional statute is "unusual"
5  and results in a sentencing disparity warranting compassionate
6  release.
7         The court recognizes that pursuant to the Supreme
8  Court's decision in Concepcion v. United States, 142 S. Ct. 2389
9  (2022), it must consider all of defendant's nonfrivolous reasons
10 for a reduction, including intervening changes of law.  United
11 States v. Carter, 44 F.4th 1227 (9th Cir. 2022) (noting that
12 Concepcion abrogated United States v. Kelley, 962 F.3d 470, 475
13 (9th Cir. 2020), which had held that the First Step Act did not
14 authorize a district court to consider post-conviction legal
15 changes outside of Sections 2 and 3 of the Fair Sentencing Act).
16 Accordingly, the court considers all of the arguments raised by
17 defendant in the instant motion.
18        As an initial matter, a claim that a statute of
19 conviction is unconstitutional is more appropriately brought
20 through a motion under 28 U.S.C. § 2255.  See 28 U.S.C. § 2255
21 (prisoner may move to set aside a sentence if he can show the
22 sentence was imposed in violation of the Constitution); accord
23 U.S.S.G. § 1b1.13 (if defendant received an unusually long
24 sentence, change in the law may be considering in determining
25 whether the defendant has shown an extraordinary and compelling
26 reason for a sentence reduction, "but only where such change
27 would produce a gross disparity between the sentence being served
28 and the sentence likely to be imposed at the time the motion is

1    filed"). Defendant is not claiming that he would receive a
2    shorter sentence if sentenced today -- rather, he is claiming he
3    would never have been convicted and thus would have received no
4    sentence at all if charged today.
5         Even assuming defendant may challenge the
6    constitutionality of his statute of conviction in a motion for
7    compassionate release, defendant's motion is unavailing.  The
8    Ninth Circuit already held that the federal felon in possession
9    statute does not violate the Second Amendment in United States v.
10   Vongxay, 594 F.3d 1111, 1114-18 (9th Cir. 2010) (noting the
11   Supreme Court's statement in District of Columbia v. Heller, 554
12   U.S. 570, 626-27 (2008), that "nothing in our opinion should be
13   taken to cast doubt on the longstanding prohibitions on the
14   possession of firearms by felons and the mentally ill").
15        Defendant relies on the Ninth Circuit's decision in
16   United States v. Duarte, 101 F.4th 657 (9th Cir. 2024), where the
17   majority of a three-judge panel declared earlier this year that §
18   922(g)(1) was unconstitutional as applied to non-violent felons,
19   in light of that panel's interpretation of New York State Rifle &
20   Pistol Ass'n v. Bruen, 597 U.S. 1 (2022).  However, that decision
21   was vacated when the Ninth Circuit granted the United States'
22   petition for rehearing en banc, 108 F.4th 786 (9th Cir. 2024).
23   See, e.g., United States v. Carrillo-Lopez, 68 F.4th 1133, 1142
24   n.4 (9th Cir. 2023) (a decision that has been vacated and
25   scheduled for rehearing en banc has no precedential effect).
26   Accordingly, the court remains bound by Vongxay's holding that
27   the felon in possession statute does not violate the Second
28   Amendment.  See, e.g., Miller v. Gammie, 335 F.3d 889, 900 (9th

Cir. 2003) (Supreme Court decisions do not overrule circuit precedents unless they are "clearly irreconcilable"). Because § 922(g)(1) has been held constitutional by binding Ninth Circuit precedent, the instant motion provides no basis for compassionate release, and it will be denied.

IT IS THEREFORE ORDERED that defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) filed July 8, 2024 (Docket No. 161) be, and the same hereby is, DENIED.

Dated:  October 8, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4