UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Respondent,<br><br>v.<br><br>DEZMAIGHNE MCCLAIN,<br><br>Movant. | No. 2:19-cr-0165 WBS AC<br><br><br><br>ORDER |

Movant is a federal prisoner proceeding pro se on a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 173. The motion asserts two grounds for relief. First, movant asserts that when the investigator testified at trial that he received information and began an investigation, trial counsel "did not object to this when or who this information came from," violating movant's Fourteenth Amendment rights. Id. at 4. He asserts that had this information been disclosed to him, "the proceedings would have been different." Id. Next, he asserts that counsel was ineffective because he did not request a remedial adverse inference instruction "regarding the g[h]ost gun that [he] wasn't charged for but still received points for. The jury should have been aware of this." Id. at 5.

With respect to the first ground, the portion of the trial transcript cited by movant contains the following exchange:

////

1

> Q    So you said in 2019 you were doing these kinds of firearms investigations.  At some point, did you begin an investigation concerning someone named Dezmaighne McClain?
>
> A    That is correct.
>
> Q    What was the nature of that investigation, generally?
>
> A    I received information—
>
> THE COURT: No.  No information.  Just start with the investigation.
>
> BY MS. BECKWITH:
>
> Q    Were you investigating him for a particular kind of crime?
>
> A    For firearms trafficking.

ECF No. 149 at 137:9-19.  After this point, the witness continued testifying about his investigation of movant.  It is unclear from the limited supporting facts and conclusory allegation that "the proceedings would have been different," how counsel's failure to object violated movant's rights.  As to the second ground for relief, movant does not explain what kind of adverse inference instruction should have been given or what he believes the jury should have been aware of.

For the reasons set forth above, movant has failed to state sufficient facts supporting each ground for relief and the court is unable to determine whether movant may be entitled to relief.  See Rules 2(b) & 4(b), Rules Governing § 2255 Proceedings.  Movant will be given an opportunity to file an amended motion.

Accordingly, IT IS HEREBY ORDERED that:

1. Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 does not state any cognizable claims for relief;

2. Within thirty days of the service of this order, movant may file an amended § 2255 motion;

3. Any amended motion must bear the case number assigned to this action and the title "Amended Motion Under § 2255";

////

4. Failure to file an amended § 2255 motion in accordance with this order will result in a recommendation that this action be dismissed; and

5. The Clerk of the Court is directed to send movant the court's form for a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

DATED: November 4, 2024

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE