UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:19-cr-0165 WBS AC |
| Plaintiff/Respondent, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| DEZMAIGHNE MCCLAIN, | |
| Defendant/Movant. | |

Movant is a federal prisoner proceeding pro se with two motions attacking the judgment under 28 U.S.C. § 2255: (1) a motion for sentence reduction, ECF No. 167; and (2) an amended motion to vacate the conviction, ECF No. 179. Both motions are fully briefed, and both have been referred to the undersigned magistrate judge. For the reasons that follow, the undersigned recommends that both motions be denied.

I.      Relevant Procedural Background

Mr. McClain was charged by indictment with three counts of illegal firearm possession. The charges arose from firearms transactions that defendant had conducted with an FBI informant he had first met in the lobby of his state parole agent's office. The defense brought a pretrial motion to dismiss the indictment for outrageous government conduct, based on the government's introduction of a confidential informant into the controlled environment of the state parole office for the purpose of entrapping the defendant. ECF No. 91. The motion was denied without

1

1  prejudice.  ECF No. 102.

2  The case proceeded to trial, and movant presented an entrapment defense.  At the
3  conclusion of the evidence, outside the presence of the jury, the defense renewed its motion to
4  dismiss and the district judge again denied the motion.  ECF No. 122.  The jury found movant
5  guilty of three counts of illegal possession of firearms and ammunition in violation of 18 U.S.C. §
6  922(g)(1).  Id.; see also ECF No. 127.  Judgement was entered on July 19, 2022.  ECF No. 140.

7  Movant timely appealed, raising two issues: (1) a challenge to application of the
8  Sentencing Guidelines, and (2) a challenge to the district court's denial of the motion to dismiss.
9  The Court of Appeals affirmed the judgment of the district court on October 20, 2023.  ECF No.
10 156.

11 On June 7, 2024, movant filed a motion to reduce his sentence under the retroactive
12 application of Amendment 821's "status points" provision.  ECF No. 158.  He filed another
13 motion seeking compassionate release.  ECF No. 161.[1]  Both motions were denied by the district
14 judge.  ECF Nos. 169, 170.  A third motion attacking the sentence, this time seeking relief under
15 United States v. Gomez, 115 F.4th 987 (9th Cir. 2024), was filed on September 26, 2024.  ECF
16 No. 167.  This motion was referred to the undersigned magistrate judge.  ECF No. 181.  The
17 government has opposed the motion, ECF No. 180, and movant has filed a reply, ECF Nos. 202,
18 203.

19 On October 24, 2024, movant filed a motion under 28 U.S.C. § 2255 attacking the validity
20 of his conviction.  ECF No. 173.  This motion was also referred to the undersigned, ECF No. 176,
21 who found on initial review that it stated no cognizable claims for relief, ECF No. 177.  Movant
22 was granted leave to amend, id., and an amended § 2255 motion was filed on November 25,
23 2024. ECF No. 179.  The government has filed an opposition, ECF No. 191, and movant has
24 replied, ECF No. 196.
25 ////

26

27 [1] Although purporting to seek release under 18 U.S.C. § 3582(c), the compassionate release
   statute, the motion argued substantively that 18 U.S.C. § 922(g) is unconstitutional.  ECF No.
28 161.

II.     The Motions

   A. The Motion Attacking the Sentence (ECF No. 167)

Movant contends that his sentence should be recalculated "based on a new substantive change in law that's deemed retroactive." ECF No. 167 at 1 (corrected). He cites the Ninth Circuit's 2024 decision in United States v. Gomez, supra, and suggests that this opinion renders invalid the inclusion of his 2011 conviction for assault with a deadly weapon, Cal. Penal Code § 245(A)(1), in Guidelines calculations. Id.

   B. The Motion Attacking the Conviction (ECF No. 179)

Movant brings two claims collaterally attacking his conviction. First, he alleges that his Fifth Amendment rights were violated by the circumstances of his arrest and alleged entrapment. Specifically, he alleges that his state parole officer's instruction to report in person was a subterfuge for federal investigation. ECF No. 179 at 4-5. Second, he contends that the government violated its obligations under Brady to disclose material evidence that would substantiate the "investigative subterfuge claim." Id. at 6.

III.    Standards for Review Under 28 U.S.C. § 2255

A federal prisoner making a collateral attack on the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed sentence. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). Under section 2255, the district court may grant relief if it concludes that a sentence violates the Constitution or laws of the United States. United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999). Both the grounds for relief and the scope of the remedy in a section 2255 proceeding are identical to those available to state prisoners under 28 U.S.C. § 2254, the federal habeas corpus statute. Davis v. United States, 417 U.S. 333, 343-44 (1974).

The district court must grant a hearing to determine the validity of a petition brought under section 2255, unless the record conclusively shows that the prisoner is entitled to no relief. United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). In other words, an evidentiary hearing is required if (1) a petitioner alleges specific facts, which, if true would entitle him to relief; and (2) the petition, files, and record of the case do not

conclusively show that the petitioner is entitled to no relief.  United States v. Howard, 381 F.3d 873, 877 (9th Cir. 2004).  Relief may be summarily denied without a hearing if the motion contains no more than conclusory allegations.  United States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986); see also Howard, 381 F.3d at 879.

IV. Discussion

A. The Motion Attacking the Sentence (ECF No. 167)

Movant seeks retroactive application of Gomez, 115 F.4th 987, which held in 2024 that a conviction under Cal. Penal Code § 245 is not a "crime of violence" for Guidelines purposes after Borden v. United States, 593 U.S. 420 (2021).[2]  Respondent argues that application of Gomez to movant's case is barred by the non-retroactivity principle of Teague v. Lane, 489 U.S. 288 (1989).  ECF No. 180 at 6-7.  The court need not address the contentions of the parties in this regard, because the Ninth Circuit has voted to reconsider Gomez en banc and has vacated the decision of the three-judge panel on which movant relies.  See United States v. Gomez, 133 F.4th 1083 (9th Cir. 2025).[3]  The legal basis for the motion having been vacated, and no other authority supporting movant's position, the motion should be denied without prejudice.

B. The Motion Attacking the Conviction (ECF No. 179)

1. Claim One: "Subterfuge"

Claim One asserts that movant's due process rights were violated by his parole officer's use of a "ruse" to get him into the parole office at the instigation of the FBI, in order to introduce him to a federal informant.  ECF No. 179 at 4-5.  This "subterfuge" claim fails for several reasons.  First, the law of the case doctrine ordinarily precludes a court from re-examining an issue previously decided by the same court, or a higher court, in the same case.  Richardson v. United States, 841 F.2d 993, 996 (9th Cir. 1988).  This doctrine precludes re-litigation in the

---

[2] At the time of movant's sentencing, Ninth Circuit precedent squarely held that California Penal Code § 245 was a "crime of violence" within the relevant federal definition.  United States v. Heron-Salinas, 566 F.3d 898 (9th Cir. 2009) (per curiam); United States v. Grajeda, 581 F.3d 1186, 1193 (9th Cir. 2009); United States v. Jimenez-Arzate, 781 F.3d 1062 (9th Cir. 2015) (per curiam); United States v. Vasquez-Gonzalez, 901 F.3d 1060, 1067 (9th Cir. 2018).
[3] The case was argued and submitted on September 10, 2025.  U.S. v. Gomez, Case No. 23-435 (9th Cir.). Dkt. No. 73.

1  section 2255 context of issues that have been previously decided on direct appeal, either explicitly

2  or by necessary implication.  United States v. Jingles, 702 F.3d 494, 499 (9th Cir. 2012), cert.

3  denied, 568 U.S. 1257 (2013).

4        On appeal of movant's conviction, the Ninth Circuit ruled in pertinent part as follows:

> The district court did not err in denying McClain's motion to dismiss the indictment for outrageous government conduct. McClain's encounter with the government's confidential informant at his state parole office, though arranged through pretense, was a permissible governmental exercise in "[a]rtifice and stratagem" to "catch those engaged in criminal enterprises," Sorrells v. United States, 287 U.S. 435, 441 (1932), and did not involve government conduct that "violate[d] fundamental fairness" or was "so grossly shocking and so outrageous as to violate the universal sense of justice." United States v. Black, 733 F.3d 294, 302 (9th Cir. 2013), quoting United States v. Stinson, 647 F.3d 1196, 1209 (9th Cir. 2011).

11  ECF No. 156 at 3-4.

12        Although Claim One makes no reference to the motion to dismiss, it presents the same

13  fundamental issue that was rejected twice by the district court in that context.  Movant contends

14  that his present "subterfuge" claim is distinct from the pretense issue addressed on appeal,[4] but

15  this is a distinction without a difference.  Focusing on the actions of the state parole officer rather

16  than those of the FBI, or using different language to describe the same events, does not change

17  the fact that movant is challenging the circumstances of his introduction to the informant at the

18  parole office.  That issue has been raised and adjudicated repeatedly, and movant has presented

19  no cognizable grounds for a different result.  Absent clear error, a change in law, other changed

20  circumstances, or manifest injustice, failure to apply the law of the case doctrine constitutes an

21  abuse of discretion.  Thomas v. Bible, 983 F.2d 152, 155 (9th Cir.), cert. denied 508 U.S. 951

22  (1993).

---

[4] Movant states that he raised entrapment on appeal but discovered the "subterfuge" only after his conviction. ECF No. 179 at 4.  The undersigned has identified no facts in the petition that were not before the trial court on the issue of movant's encounter with the informant.  The only thing that appears different is movant's characterization of his state parole officer as an affirmative participant in a federal investigation.  That is a difference of rhetorical emphasis, not of fact.  Moreover, the initial motion to dismiss the indictment specifically contended that the parole officer had directed movant to come into the office for the purpose of putting him in touch with the FBI informant. ECF No. 91 at 3.  This is not new information.

To the extent—if any—that movant's present argument is meaningfully different from the arguments advanced on appeal, he is nonetheless barred from pursuing it here. When a criminal defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as basis for a subsequent § 2255 petition. United States v. Hayes, 231 F.3d 1132, 1139 (9th Cir. 2000). And any theories that could have been presented on appeal, but were not, are now procedurally defaulted. See Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Ratigan, 351 F.3d 957, 962 (9th Cir. 2003). The U.S. Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1981). This means that "grounds which were apparent on initial appeal cannot be made the basis for a second attack under § 2255." Egger v. United States, 509 F.2d 745, 748 (1975). As already noted, the § 2255 motion does not rely on any newly discovered evidence that might support a cognizable claim which was unavailable at the time of the appeal. See n.4, supra.

As to the merits, Claim One fails to allege facts that would entitle movant to relief. Movant's allegations of "subterfuge" are speculative and conclusory, see ECF No. 179 at 4-5, and therefore cannot support relief. See Quan, 789 F.2d at 715. Moreover, the use of deception in criminal investigations does not without more violate the Constitution. See Sorrells v. United States, 287 U.S. 435, 441 (1932); Lewis v. United States, 385 U.S. 206, 208-209 (1986); United States v. Black, 733 F.3d 294 (9th Cir. 2013); United States v. Batres-Santolino, 521 F. Supp. 744, 752 (N.D. Cal. 1981) (use of "stealth and subterfuge" generally permissible).[5] No authority supports the proposition that the cooperation of state authorities with federal law enforcement violates the constitution. Under California law, parole officers are peace officers who are permitted to cooperate with other law enforcement agencies. See People v. Ferguson, 109 Cal. App. 4th 367, 374 (2003); Cal. Penal Code § 830.5. Accordingly, no evidentiary hearing would be required even if this claim were not barred by the law of the case doctrine. See Howard, 381

---

[5] In Batres-Santolino, the district court found outrageous government conduct where DEA agents had induced defendants to participate in drug trafficking, provided all the drugs, unilaterally organized the distribution system, and "manufactured" the crime. The facts of this case don't come close.

F.3d at 879.

For all these reasons, Claim One should be summarily denied.

2. Claim Two: *Brady*

Movant alleges that the government failed to disclose material evidence of "subterfuge" in violation of due process.  ECF No. 179 at 6.  In Brady v. Maryland, 373 U.S. 83 (1963), the U.S. Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused... violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."  Id. at 87.  To state a Brady claim, movant must show (1) that the evidence at issue is favorable to him, either because it is exculpatory or impeaching; (2) that it was suppressed by the prosecution, either willfully or inadvertently; and (3) that it was material (or, put differently, that prejudice ensued).  See Banks v. Dretke, 540 U.S. 668, 691 (2004); Strickler v. Greene, 527 U.S. 263, 281-82 (1999).

The facts alleged here do not state a claim for relief under Brady.  Movant asserts in conclusory terms that he would not have been convicted if the government had disclosed "evidence documenting the real reason for initiating this investigation." ECF No. 179 at 6.  He does not, however, identify any specific item(s) of exculpatory evidence that were within the custody or control of the government at the time of trial and were not disclosed.  Because movant has not presented specific facts which, if true, would entitle him to relief, his Brady claim should be summarily denied.  See Howard, 381 F.3d at 877.

## CONCLUSION

In light of these findings and recommendations, it is HEREBY ORDERED that movant's motion for expedited review, ECF No. 204, is DENIED as moot.

It is FURTHER RECOMMENDED, for the reasons explained above, that

1. The motion attacking the sentence, ECF No. 167, be DENIED WITHOUT PREJUDICE; and
2. The amended motion attacking the conviction, ECF No. 179, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. §636(b)(l).  Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If movant files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. See 28 U.S.C. § 2253(c)(2). Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 22, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE